Caldwell, Ch.
delivered the opinion of the Court.
The creditors of Benjamin Elliott, who had given his bond, jjenry L. Pinckney, James Jervey, James Lowndes, and Judge Waties, as sureties, to the State, for the performance of the duties of his office as Commissioner in Equity of Charleston District, brought suits for debts due on his official bond ; the executors of James Lowndes filed a bill for the purpose of compelling the co-sureties, Henry L. Pinckney and James Jervey, and the executors and devisees of Judge Waties, to contribute to the payment of these debts. The plaintiffs obtained an order at June Term, 1839, directing Mr. .Gray, one of the Masteis of the Court, to take an account of the debts and assetts of Benjamin Elliott, and to give notice to his creditors to prove their demands ; and as they were made parties to the proceedings from that time, their suits at law were not further prosecuted ; for as it was apprehended there would be a deficiency of assetts, it became the common object and interest of the parties, to prevent a multiplicity of suits. Orlando S. Rees, the surviving executor of Judge Waties, relied upon the following circumstances as a bar to his liability ; that his testator died in 1828, and his executors had fully administered his estate; ihat both his real and personal estate, in 1833, had been distributed agreeably to liis will, and that they had had no notice of their testator’s liability, or of this demand, until 1837: the devisees of Judge Waties, who were subsequently made parties, relied upon the statute of limitations as a bar to their liability, as they had been in possession of their legacies more than four years before they were made parties to the bill.
The Master reported the amount of the claims upon the official bond of Benjamin Elliott, to be $7752 30, which was confirmed, and a.ji fa was issued on the 5th of May, 1846, for that sum and costs, against the goods and chattels, rights and credits, lands, tenements and hereditaments of Thomas Osborn Lowndes, Edward Rutledge Lowndes, Henry L. Pinckney, Orlando S. Rees, Thomas Waties the elder, Thomas Waties the younger, Mary Waties, MaryB. Waties, -Rees, the wife of Orlando S. Rees, W. W.. Anderson, and - Anderson his wife, Anna Waties, and Thomas Bracey.
Agreeably to the Act of 1785, when the payment of money js decree(j by this Court, the party to whom such payment is *49 to be made, “ may sue forth, at his option, either the usual process for compelling the performance of the decree, or writ in the nature of a fieri facias, to make the estate, real and personal, of the party by whom such money is to be paid liable to satisfaction thereof, in the same manner as it is on such a writ from the Court of Common Pleas.”
van Hill’s L.K. 167-iecruts.’VS' ib. 239. 21^75.
From a comparison cf the execution issued, with a fieri facias at law, it is manifest that it neither adopts the substance or follows the form in suits against executors or devi-sees. There is no distinction between the liability of the property of the testator, executor or devisee ; nor any apportioning of the amounts, for which either of the sureties, or the legal representatives, or devisees of the deceased sureties are respectively liable, but the process is against the several parties indiscriminately. Where there is a deficiency of assets, neither executor nor devisee can be held liable, if they make the proper defence; and m this case, it is apparent that there has been no decree against either the surviving executor, or the devisees of Judge Waties, and that the other parties have not prosecuted the enquiries as to their liability, and until these questions are decided, no final process can issue against them.
The case, as to the executors of James Lowndes, stands upon a different footing; they have not alleged a full administration of the estate of their testator, or a deficiency or distribution of assets, but from the course which they have pursued, and the statements of their bill, it may be presumed that they have a sufficiency of his assets, in their hands, to satisfy this demand, and if the fact were otherwise, they ought, before the confirmation of the report, to have brought forward their objection; as they have not done so they may be considered as having waived it, and execution ought to issue against them as executors in the usual form where judgment passes by default. If the execution had been issued against them only, its defects, perhaps, on a proper application to the t ourt, might have been amended.
The Court of law, which is much more restricted by technical rules, established forms, and inflexible precedents, often amends its judgments and executions according to the of the case, even after-a sale of property under them, nor willi the collection of the amount called for in a fieri facias, or the marking of it satisfied, by the Sheriff, deprive the plaintiff of the right to correct the mistake in the assessment of the sums due, or to have the judgment and execution ed; such amendments have frequently been permitted during the trial of actions of trespass to try titles, when either party claims under a Sheriff’s deed conveying the land in dispute, which had been sold under a judgment and execution that were defective, either in form or from clerical errors.
The official creditors of Benjamin Elliott have a right to *50 call upon any one of his sureties to pay the debt, and this Q0U1.t wjp not delay enforcing their claims, until the several remedies against the other sureties may have been exhaust-g(j . jt was qle business 0f the plaintiffs, and not of thecredi-tors, to prosecute the enquiry as to what assets have come into the hands of the executors and devisees of Judge Waties, and no execution can issue against them for any amount until their respective defences are overruled, and a decree made against them. This case is clearly distinguishable from the cases where the creditor has taken securities from his debtor, for the payment of the debt; there the sureties are entitled to the benefit of all the securities, and the creditor must exhaust them before he can call on the sureties for payment ; but this doctrine has never been extended to co-sureties, where the creditor has no security but their joint and several bond with their principal for his debt. This Court cannot restrain the creditors in the enforcement of their legal rights, as there is no fund liable to the payment of their debts under its control, and their claims are not secured by a lien upon property, but exist merely against the sureties, and their legal representatives.
H Stat. of S. C. 116.
The Act of 1840 is not imperative in its terms as to the enrolment of money decrees / it provides that “ any party, in whose favor an order or decree for the payment of money may be made, may cause such order or decree to be enrolled at any time withm a year and a day after making the same it then prescribes how the brief or abstract shall be prepared, certified and deposited, and enacts that “ no order or decree, for the payment of money, shall, as to third persons, without express notice, have any effect as a lien on the estate, real or personal, of any person or estate intended to be bound thereby, but from the day when the said brief or abstract shall have been delivered to or lodged with the said Register or Commissioner as aforesaid,” &c.
In a succeeding clause an index of money decrees is required to be kept, “ in which any enrolled order or decree for the payment of money, shall be entered.”
To protect the rights of parties, to prevent litigation, to follow the analogy of enrolling judgments in the Court of law, and to preserve the symmetry of the records of this Court, it is expedient and proper to adopt such a rule, in the practice, as will carry out the Act of 1840, and to require the Register* or Commissioner tofráígn no execution on a money decree, without the party applying for it complies with the provisions of the Act.
It is therefore ordered and decreed that the Circuit decree be reformed in these respects, and thab’the execution in this ease be set aside.
Dunkin, Ch. and Dabgan, Ch. concurred.

Decree modified.